WILLIAM C. COLE, plaintiff in error, *v.* CHARLES H. CHAPMAN, defendant in error.

*Error to Cook.*

In an action upon an arbitration bond, it is no objection to the declaration that it does not show that the bond was executed by both parties, or that a counter bond was executed.

Where the action is upon an arbitration bond, it is only necessary to show that the award was made in pursuance of the condition of the bond, and that the defendant has not complied with the award.   But the rule is different where the defendant submits to the award of arbitrators by bond, and the action is on the award itself.   In that case it is necessary to state in the declaration a mutual submission ; because the award which is the foundation of the action, being the determination of a third person between two others, who submit their differences to his decision, it is the submission which creates the obligation to abide by that determination ; and in that case it is not sufficient to state in the declaration that the defendant by bond submitted himself to the award of the arbitrators.

(1) R. L. 487; Gale's Stat. 529.

Cole *v.* Chapman.

THIS cause was heard in the Cook Circuit Court, at the May term, 1836, before the Hon. Thomas Ford. Judgment was rendered, on demurrer to the plaintiff's declaration, in favor of the defendant, Chapman. Cole brought the cause to this Court by writ of error.

J. DEAN CATON, for the plaintiff in error, cited Butler *v.* Wegge, 1 Saund. 61 and notes ; Veale *v.* Warner, *Idem*. 323 and notes ; Roberts *v.* Marritt, 2 Saund. 183 and notes ; 1 Saund. 66, note 1 ; 1 Saund. 327, note (2) ; in support of the declaration.

G. SPRING, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court :
This was an action of *debt* on an arbitration bond. The defendant demurred to the declaration in the Circuit Court, and the demurrer was sustained, and judgment rendered for the defendant(1).

We have examined the declaration minutely, and do not perceive the declaration to be defective. The exception that the bond was not signed by both the parties, is not a sufficient ground for adjudging the declaration bad. There are two counts in the declaration which set forth the bond and condition with sufficient certainty. The first count sets forth the substance of the award ; and the second the award in *hæc verba.* When the action is upon an arbitration bond, it is only necessary to show that the award was made in pursuance of the condition of the bond, and that the defendant has not performed. But the rule is different where the defendant submits to the award of arbitrators by bond, and the action is on the award itself. In that case it is necessary to state in the declaration a mutual submission ; because the award which is the foundation of the action, being the determination of a third person between two others, who submit their differences to his decision, it is the submission which creates the obligation to abide by that determination ; and in that case it is not sufficient to state in the declaration that the defendant by bond submitted himself to the award of the arbitrators(2).

We think the Circuit Court should have overruled the demurrer. The judgment is reversed with costs, and the cause remanded with leave to the plaintiff to proceed with the cause.

*Judgment reversed.*

(1) The causes of demurrer assigned were, that there was no allegation in the declaration that the bond was executed by both parties, or that a counter bond was executed ; and consequently no mutuality was shown.
(2) 1 Saund. 61, marginal page, and 323 ; 2 Saund. 183, with notes and cases there cited.